UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILOMENA G. MCGEE, et al., | No.  2:23-cv-00072 TLN CKD (PS) |
| Plaintiffs, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| KENDALL J. NEWMAN, | |
| Defendant. | |

      Plaintiffs Philomena McGee and Donald Bird, proceeding pro se, initiated this action on January 13, 2023, and paid the filing fee.  ECF No. 1.  The matter was referred to a United States Magistrate Judge pursuant to Local Rule 302(c).

      The sole defendant is Magistrate Judge Kendall J. Newman, who, on December 5, 2022, issued findings and recommendations in two related cases brought by the plaintiffs, chastising them for repeatedly attempting to "circumvent the court's orders" and recommending that both cases be dismissed with prejudice as a Rule 11 sanction.[1]  On January 25, 2023, the district judge adopted both sets of findings and recommendations, dismissing both cases with prejudice under Rule 11 and the court's inherent power.

      In the instant case, plaintiffs complain that Judge Newman denied them "their 6th

---

[1] McGee, et al. v. Mansfield, Case No. 2:21-cv-02216 KJM KJM (PS), McGee, et al. v. Mansfield, Case No. 2:22-cv-01456 KJM KJN (PS).

1

Amendment right for a jury to decide our complaint." ECF No. 1 at 1.  Their vague and confusing complaint includes materials from a variety of sources on, e.g., "judicial tyranny," and appears to assert that Judge Newman violated his judicial oath of office in his handling of their cases.  See generally ECF No. 1.  It is unclear what remedy they seek aside from "reimbursement for all the court costs."  ECF No. 1 at 3.

On March 22, 2023, the United States of America filed a statement of interest in this action pursuant to 28 U.S.C. § 517, "urging the Court to dismiss sua sponte all claims asserted by Plaintiffs against Chief United States Magistrate Judge Kendall J. Newman."  ECF No. 6 at 1.  See Wortman v. All Nippon Airways, 854 F.3d 606, 617 (9th Cir. 2017) ("Pursuant to 28 U.S.C. § 517, the United States may submit a statement in a case expressing its views on relevant issues in which it has an interest.").  The United States asserts that this action is barred by the doctrine of judicial immunity, as "to the extent the Complaint can be construed to assert claims, they arise from Judge Newman's official acts as a judge in another matter or matters."  ECF No. 6 at 4-5.

A federal court may dismiss a case sua sponte pursuant to Fed. R. Civ. P. 12 (b)(6) when it is clear that the plaintiff has not stated a claim upon which relief maybe granted.  See Omar v. Sea-Land Serv., Inc., 813 F.2d 986, 991 (9th Cir. 1987) ("A trial court may dismiss a claim sua sponte under Fed. R. Civ. P. 12 (b)(6).  Such a dismissal may be made without notice where the claimant cannot possibly win relief."); see also Mallard v. United States Dist. Court, 490 U.S. 296, 307-08 (1989) (noting there is little doubt a federal court would have the power to dismiss a frivolous complaint sua sponte, even in absence of an express statutory provision).

Here, plaintiffs' complaint is barred by the doctrine of judicial immunity.  "Anglo–American common law has long recognized judicial immunity, a sweeping form of immunity for acts performed by judges that relate to the judicial process."  In re Castillo, 297 F.3d 940, 947 (9th Cir. 2002) (internal quotations omitted).  "Absolute immunity fails to attach to judicial officers only when they act clearly and completely outside the scope of their jurisdiction."  Demoran v. Witt, 781 F.2d 155, 158 (9th Cir. 1985) (internal citations omitted).  Because the actions giving rise to the complaint are related to the judicial process, Judge Newman has absolute immunity from this suit.  See Olson v. Idaho State Board of Medicine, 363 F.3d 916 (9th

Cir. 2004) (noting that judges are entitled to absolute immunity for actions taken within their jurisdiction). "Allegations of malice or bad faith in the execution of the [judicial] officer's duties are insufficient to sustain the complaint when the officer possesses absolute judicial immunity." Demoran, 781 F.2d at 158.

Thus, the complaint does not state a claim upon which relief can be granted and is patently frivolous. As leave to amend would be futile, the undersigned will recommend dismissal of this action with prejudice.

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed with prejudice for failure to state a claim upon which relief can be granted.

In light of these recommendations, IT IS ALSO HEREBY ORDERED that all pleading, discovery, and motion practice in this action are STAYED pending resolution of the findings and recommendations. With the exception of objections to the findings and recommendations, the court will not entertain or respond to any motions and other filings until the findings and recommendations are resolved.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiffs may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiffs are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 27, 2023

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2/mcgee0072.f&r